J-S26009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ADANTE L. SMITH | : | |
| | : | |
| Appellant | : | No. 1505 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 19, 2021,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0005147-2019.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED SEPTEMBER 19, 2022**

Adante L. Smith appeals from the judgment of sentence of life in prison without parole, after a jury convicted him of murder of the first degree, robbery, and conspiracy to commit robbery.[1]  We affirm.

On the evening of August 30, 2019, Smith and two other men met Kyler Wiawada on the streets of Harrisburg to purchase cannabis.  The deal went awry.  Smith shot Wiawada "multiple times at close range."  N.T., 10/11/12, at 22.  Wiawada died.

Ten days later, law enforcement arrested Smith.  A detective told Smith, "you have the right to remain silent, anything that you say can or may be used against you . . . You have the right to an attorney.  If you can't afford one, one will be appointed to you by Dauphin County."  N.T., 10/11/12, at 18.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **_See_** 18 Pa.C.S.A. §§ 2502(a), 903, and 3701(a)(1)(l).

The detective then interrogated Smith. After about 90 minutes, Smith confessed to being at the scene of the murder and that "his gun accidentally went off during a struggle." *Id.* at 22. The Commonwealth charged Smith with homicide, stealing the murder weapon from a previous victim, and other offenses not at issue here.

The COVID-19 pandemic struck, and two years passed. On October 4, 2021, Smith filed a motion *in limine* to suppress his confession. He contended that he "was not fully advised of his *Miranda [v. Arizona*, 384 U.S. 436 (1966),] rights. Specifically, he was never advised that he could stop answering questions at any time and ask for a lawyer." Smith's Motion *in Limine* at 3.

After a suppression hearing, defense counsel argued as follows:

> we have a young man who was taken into custody for a very serious crime, and he avers that the totality of the circumstances was that . . . his confession was involuntary, because of the pressure of the interrogation and the fact that he voiced his concerns about being pressured and the interview continued on. And the defense feels that, at that time, it may have been appropriate or should have been appropriate for the investigators to advise him that he could have asked for an attorney. That's the bottom line.

N.T., 10/11/21, at 28.

Smith made no other arguments. The court denied Smith's motion *in limine* to suppress, because the detective gave warnings that complied with *Miranda*, *supra*. *See* Trial Court Opinion, 2/28/22, at 4.

The matter proceeded to trial. A jury convicted and the court sentenced Smith as described above. This timely appeal followed.

Smith raises the following two appellate issues:

1.  Did the trial court's denial of . . . Smith's motion *in limine* to exclude self-incriminating statements . . . violate his rights under the 5th Amendment of the United States Constitution and Constitution of the Commonwealth of Pennsylvania as expressed in **Miranda** . . . and its federal and state-court progeny?

2.  Are the protections against unknowing self-incrimination afforded by the **Miranda** warnings as currently practiced per Pennsylvania caselaw incomplete and inadequate, because they do not require police investigators/interrogators to advise that a person has the right to stop answering questions during an interrogation and ask for a lawyer?

Smith's Brief at 1-2.

First, Smith asks whether denying his motion *in limine* violated his rights under Fifth Amendment to the federal constitution and the Constitution of the Commonwealth of Pennsylvania.[2] However, Smith does not argue this issue.

Instead, he concedes that the detective correctly gave the warnings that the Supreme Court of the United States required in **Miranda**, **supra**. "This is a case where the [suppression] court correctly applied [existent] law . . . The

_____

[2] There is no Fifth Amendment to the Constitution of the Commonwealth of Pennsylvania. Smith cites no provision under our state charter to support his arguments. Although Smith mentions the Constitution of the Commonwealth of Pennsylvania in his brief, he did not claim heightened protections under that charter before the suppression court, nor does he make such an assertion on appeal. Thus, we confine our review to the federal constitution.

detective correctly provided rights warnings consistent with *Miranda* . . . ." Smith's Brief at 6.

In short, Smith admits his first claim of error is meritless. We agree.

Turning to the second appellate issue, Smith claims the Supreme Court of the United States did not go far enough in *Miranda*. In his view, the Fifth Amendment[3] requires police to provide more warnings than *Miranda* demands. Smith believes, to apprise citizens of their Fifth Amendment rights fully, police must also tell people they have "the right to stop answering questions at any point in the interrogation and refuse to make any further statements to the interrogators." *Id.*

Currently, law enforcement must warn a person "that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda*, 384 U.S. at 444. By attempting to expand that list of warnings, Smith seeks to forge new Fifth Amendment jurisprudence.

Before we may reach the merits of this claim, we must determine if the constitutional question is properly before this Court. Whether a party has preserved an issue for appellate review "presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary."

---

[3] The Fifth Amendment dictates, in relevant part, that a person shall not "be compelled in any criminal case to be a witness against himself . . . ."

***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Even issues "of constitutional dimension are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884 (2019), *appeal denied*, 221 A.3d 644, (Pa. 2019) (some punctuation omitted).

Below, Smith contended the detective violated **Miranda**. He asserted he "was not fully advised of his **Miranda** rights. Specifically, he was never advised that he could stop answering questions at any time and ask for a lawyer." Smith's Motion *in Limine* at 3. That statement is factually and legally erroneous. As Smith now acknowledges, the detective fully complied with **Miranda**; that case did not require the detective to tell Smith "that he could stop answering questions at any time and ask for a lawyer." Smith's Motion *in Limine* at 3.

In the suppression court, Smith did not admit the detective complied with **Miranda** and then argue that the **Miranda** warnings themselves were insufficient to safeguard his Fifth Amendment rights. At best, his attorney said, "the defense feels that . . . it may have been appropriate or should have been appropriate for the investigators to advise him that he could have asked for an attorney." N.T., 10/11/21, at 28.

Rather than making a specific, constitutional argument for expanding the **Miranda** warnings, Smith merely suggested what he felt the detective should have done. He gave no further explanation. Smith presented no argument to the suppression court as to why the **Miranda** warnings should be reconsidered and expanded to enhance Fifth Amendment protections. Most importantly, he did not contend the warnings, "as currently practiced, [are] incomplete and inadequate . . . ." Smith's Brief at 1.

Hence, he raises a novel constitutional theory for the first time on appeal in violation of Pa.R.A.P. 302(a). We dismiss it as waived.[4] **See Trigg**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2022

---

[4] Even if Smith had argued below that **Miranda v. Arizonia**, 384 U.S. 436 (1966), inadequately protects his Fifth Amendment rights, neither the suppression court nor this Court could have granted him relief. **Miranda** is a federal constitutional case. "In a constitutional case, only [the Supreme Court of the United States] can correct [its] error." **Kisor v. Wilkie**, ___ U.S. ___, ___, 139 S. Ct. 2400, 2422 (2019). Thus, we may not decide whether the **Miranda** warnings are "incomplete and inadequate," as Smith claims. Smith's Brief at 1. That is a question reserved exclusively for the High Court.